# UNITED STATES DISTRICT COURT
# IN THE WESTERN DISTRICT OF MICHIGAN

NATIONAL SIGN AND SIGNAL,

        Appellant,

v

JAMES R. LIVINGSTON,

        Appellee.

_____/

Case No.: 1:08-cv-155

Honorable Paul L. Maloney

**APPELLEE'S BRIEF**

Mark A. Kehoe (P28629)
Mike Meyers Beckett and Jones PLC
Attorneys for Appellant
900 Monroe NW
Grand Rapids, MI 49503
(616) 632-8000

Cody H. Knight (P64811)
Rayman & Stone
Attorneys for Appellee
141 East Michigan Avenue, Suite 301
Kalamazoo, MI 49007
(269) 345-5156

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii - iv

STATEMENT OF QUESTIONS INVOLVED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

APPELLEE'S JURISDICTION STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

FACTUAL BACKGROUND AND LEGAL POSITIION . . . . . . . . . . . . . . . . . . . . . . . 1

LAW AND ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2 - 11

    1.    Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    2.    Did the trial court err in finding that the Appellant failed to prove the elements of 11 U.S.C. §523(a)(2)(A) by the preponderance of the evidence, while construing that exception to discharge in favor of the Debtor? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3 - 5

    3.    Did the trial court err in finding that the Appellant failed to prove the elements of 11 U.S.C. §523(a)(4) by the preponderance of the evidence, while construing that exception to discharge in favor of the Debtor? . . . . . . . . . 6

    4.    Did the trial court err in finding that the Appellant failed to prove the elements of 11 U.S.C. §523(a)(6) by the preponderance of the evidence, while construing that exception to discharge in favor of the Debtor? . . . . . . . 6 – 8

    5.    Is the Bankruptcy Court for the Western District of Michigan and the District Court for the Western District of Michigan precedentially bound by the decision rendered by the Bankruptcy Appellant Panel of the Sixth Circuit in *Spring Works, Inc. v. Sarff (In re Sarff)*, 242 B.R. 620 (CA 6 BAP, 2000)? . . . . . . . . . . . . . . . . . . . . . . . . . . . 8 – 10

    6,    The Appellant failed to prove its damages . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION AND REQUEST FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# INDEX OF AUTHORITIES

**Cases**

*Brady v. McAllister (In re Brady)*,
    101 F.3d 1165, 1172-3 (6th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Carrozzella & Richardson*
    255 B.R. 267 (Bankr. D. Conn. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Commonwealth Land Title Co. v. Blaszak (In re Blaszak)*
    397 F.3d 386, 391 (6th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re Cormier*
    382 (B.R. 377, 408 (Bankr. W.D. Mich. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Coyne v. Westinghouse Credit Corp (In re Globe Illumination Co.)*,
    149 B.R. 614 (Bankr. C.D. Cal., 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Equitable Bank v. Miller (In re Miller)*
    39 F.3d 301, 304 (11th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Grogan v. Garner*
    498 U.S. 279, 290, 111 S. Ct. 654, 112 L.Ed.2d 755(1991) . . . . . . . . . . . . . . . . 2

*McClellan v. Cantrell*,
    217 F.3d 890 (7th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Millspaugh*
    203 B.R. 90 (Bankr. D. Idaho 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Muskin, Inc. v. Industrial Steel Co. (In re Muskin)*,
    151 B.R. 252 (Bankr. N.D. Cal. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

*Nicholson v Isaacman (In re Issacman)*,
    26 F.3d 629, 631 (6TH Cir, 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

*In re Proudfoot*,
    144 B.R. 876 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

*R.E. America, Inc. v. Garver (In re Garver)*
    116 F.3d 176 (6th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

*Rembert v. AT&T Universal Card Serv. (In re Rembert)*
    141 F.3d 277, 281 (6th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*In re Robinson*
    326 F.3d 767, 770-71 (6th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Specker Motor Sales Co. v. Eisen (In re Specker)*
   300 B.R. 687 (Bankr. W.D. Mich. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Spring Works, Inc. v. Sarff (In re Sarff)*,
   242 B.R. 620 (CA 6 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7, 8, 9, 10

*In re Sullivan*,
   305 B.R. 809 (Bankr. W.D. Mich. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 6

*In re TLI, Inc.*
   292 B.R. 589 (Bankr. W.D. Mich. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Schottenstein, Zox & Dunn (In re Unitcast, Inc.)*
   219 B.R. 741 (6th Cir. BAP 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*US v. Craft*,
   535 U.S. 274; 122 S. Ct. 1414 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Virden*
   279 B.R. 401 (Bankr. D. Mass. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Williams*
   257 B.R. 297 (Bankr. W.D. Mo. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**Statutes**

11 U.S.C. §523 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

11 U.S.C. §523(a)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3, 4, 5, 6, 7, 11

11 U.S.C. §523(a)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 6, 11

11 U.S.C. §523(a)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 6, 7, 8, 10, 11

28 U.S.C. §158(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# STATEMENT OF QUESTIONS INVOLVED

I.  Did the business relationships of National Sign and Signal ("NSS") which were fraudulently interfered with by Debtor constitute the property of NSS?

    A.    Plaintiff-Appellant says:    Yes

    B.    Defendant-Appellee says:    No

    C.    Bankruptcy Court says:    No

II.  Did the business relationships that NSS had developed over years of doing business constitute property that was embezzled by Debtor?

    A.    Plaintiff-Appellant says:    Yes

    B.    Defendant-Appellee says:    No

    C.    Bankruptcy Court says:    No

III.  Did Debtor's fraudulent inducement of Carrier & Gable and Traffic Products, Inc. to terminate their contracts with NSS constitute embezzlement of those land-standing business relationships?

    A.    Plaintiff-Appellant says:    Yes

    B.    Defendant-Appellee says:    No

    C.    Bankruptcy Court says:    No

IV.  Did Debtor's willful and malicious conduct cause harm to NSS?

    A.    Plaintiff-Appellant says:    Yes

    B.    Defendant-Appellee says:    No

    C.    Bankruptcy Court says:    No

V.  Is the Bankruptcy Court for the Western District of Michigan precedentially bound by the decision rendered by the Bankruptcy Appellant Panel of the Sixth Circuit in *Spring Works, Inc. v Sarff (In re Sarff)*, 242 B.R. 620 (CA 6 BAP, 2000)?

    A.    Plaintiff-Appellant says:    Yes

    B.    Defendant-Appellee says:    No

    C.    Bankruptcy Court says:    No

## APPELLEE'S JURISDICTIONAL STATEMENT

The United States District Court for the Western District of Michigan has jurisdiction over this case pursuant to 28 U.S.C. §158(c)(1).  In accordance with §158(c)(1), Appellee has elected to have its appeal heard by the United States District Court for the Western District of Michigan, rather than by the Bankruptcy Appellate Panel.

## **STANDARD OF REVIEW**

"On appeal from the judgment of the bankruptcy court, a district court reviews the bankruptcy court's findings of fact under the clearly erroneous standard but reviews de novo the bankruptcy court's conclusions of law." *Nicholson v Isaacman (In re Issacman)*, 26 F.3d 629, 631 (6TH Cir, 1994).

## FACTUAL BACKGROUND AND LEGAL POSITION

The Appellant obtained a Judgment against Mr. Livingston for $1,800,000.00 plus taxable costs of $8,944.05 ("Judgment") from a complaint which alleged the following theories of recovery: breach of fiduciary duty, misappropriation of trade secrets, grossly negligent mismanagement, and tortious interference with business relationships ("State Court Complaint")[1]. According to the jury verdict ("Verdict"), the jury found that Mr. Livingston breached a fiduciary duty, unlawfully interfered with any business relationship or expectancy the plaintiff had with its customers, and misappropriated the trade secretes of the plaintiff.[2] Neither the Judgment nor the Verdict indicates which theory resulted in the damages of $1,800,000.00.

The Verdict did establish, however, that there were no damages as a result of the misappropriation of trade secrets. This left only two theories for the Appellant to rely upon to prove non-dischargeability: breach of fiduciary duty and tortious interference with a business relationship. Although the Verdict indicated that there were damages as a result of the tortious interference with a business relationship, the State Court Complaint alleged to the contrary. Specifically, it alleged in paragraph 34 that "Plaintiff will be irreparably injured unless the individual Defendants are enjoined for further tortious interference with Plaintiff's contractual and business relationships." None of the Appellant's theories of recovery resulting in the Judgment met the requirements of 11 U.S.C. §§523(a)(2)(A), 523(a)(4) or 523(a)(6). The Bankruptcy Court's decision to deny Appellant relief is consistent with the State Court Complaint, Verdict, and Judgment, and the debt owed to the Appellant was properly discharged[3].

---

[1] The Judgment is attached to the Appellant's Trial Brief as Exhibit 3 and the State Court Complaint is attached as Exhibit 1.
[2] The Verdict is attached to the Appellant's Trial Brief as Exhibit 2.
[3] Accord and Satisfaction: Although not within the scope of this Appeal, Mr. Livingston continues to assert that this debt has previously been repaid. His assertions that the debt should

1

## LAW AND ANALYSIS

1. **Summary of Argument.**

The Appellee will show that the Appellant's portrayal that the Bankruptcy Court's decision as contrary to basic bankruptcy law and an affront to principles of *stare decisis* is simply not accurate. The Appellant claimed that its tenuous, non-binding business relationship with Carrier & Gable and Traffic Products, Inc. is sufficient to constitute property for the purpose of 11 U.S.C. §523(a)(2)(A), 11 U.S.C. §523(a)(4), 11 U.S.C. §523(a)(6). The Appellant bore the burden of proof at trial, by the preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 290, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Further, in non-dischargeable cases, the court must construe all of the exceptions to discharge strictly, and must give the benefit of the doubt to debtor. R*embert v. AT & T Universal Card Serv (In re Rembert),* 141 F.3d 277, 281 (6th Cir. 1998); *In re Sullivan,* 305 B.R. 809, 826 (Bankr. W.D. Mich. 2004). The Bankruptcy Court correctly rejected the Appellant's argument and denied to extend the law regarding non-dischargeability to such a drastic extent. In doing so, the Bankruptcy Court remained squarely within the boundaries of the law and *stare decisis.* Further, the Appellant not only failed to prove the elements of non-dischargeability but it also failed to prove its damages. As such, the Bankruptcy Court's Judgment must be upheld.

be discharged should not be viewed as an admission that any debt remains. (*See,* Affidavit of James R. Livingston, in support of Answer to Motion for Summary Judgment).

2.  **Did the trial court err in finding that the Appellant failed to prove the elements of 11 U.S.C. §523(a)(2)(A) by the preponderance of the evidence, while construing that exception to discharge in favor of the Debtor?**

With respect to the Judgment and it relationship to 11 U.S.C. §523(a)(2)(A), the Appellee argued that there was no finding of fraud. As evidence, the Appellee argued that the State Court Complaint did not allege fraud, the Verdict did not find fraud and the Judgment does not indicate anything to the contrary. Further, as stated above, the Appellant's first two theories of recovery (misappropriation of trade secrets and tortious interference with business relationship of the plaintiff) did not even assert any economic damages and, as such, it is impossible to find that the prior state court proceeding necessarily found the elements of 11 U.S.C. §523(a)(2)(A). Similarly, the third theory of recovery, "Breach of Fiduciary Duty", is so broad and far reaching that it cannot be said that the state court necessarily found the elements of 11 U.S.C. §523(a)(2)(A). The Appellee lost this point, as the Bankruptcy Court found that the Appellee had defrauded the Appellant within the broad meaning of §523(a)(2)(A). (Opinion p. 5).

However, as the Appellee argued, fraudulent activity alone is not enough, the Appellant was required to show that the Debtor obtained property as a result the fraud. The Bankruptcy Court properly read the statute and disposed of this count on an evidentiary basis:

> In this instance, there is no evidence that Mr. Livingston gained any property from NSS as the result of his deceit. At most, the record establishes that two consultants, Carrier & Gable and Traffic Products, Inc., terminated their relationships, with NSS because of solicitations made by Mr. Livingston while he was employed by NSS. Although the prior jury clearly found that his conduct was reprehensible and that NSS was injures as a consequence, the jury did not find, nor does the record otherwise support a finding that Mr. Livingston's deceit resulted in either he or his new company acquiring money, property, services or an extension of credit from NSS. (Opinion p. 6).

The findings represent a sound interpretation of §523(a)(2)(A) grounded upon a clear reading of

3

the statute.

The factual finding that there was no property obtained is supported by the State Court Complaint, Verdict, Judgment and testimony of witnesses. Ronald Earl Scherer indicated that the Appellant indicated in a letter that the contract between it and Carrier & Gable was terminated[4]. (*See*, Transcript of Ronald Earl Scherer, p. 153). Similarly, Gerald W. Carrier testified that the contracted could be terminated for any reason upon 30 days notice. (*See*, Transcript of Gerald W. Carrier, p. 8-9). The same was true of the contract with Traffic Products, Inc. (*See*, Transcript of Joseph Kennedy, p. 4). Further, Mr. Scherer also testified that according to the contract, Carrier & Gable was not even required to sell signs manufactured by the Appellant. (*See*, Transcript of Ronald Earl Scherer, p. 153). Given the great weight of evidence, the Bankruptcy Court's finding that the Appellant's relationships with Carrier & Gable and Traffic Products, Inc. were not property for the purposes of 11 U.S.C. §523, can not be overturned.

The legal conclusion that the debtor must obtain money, property, services or an extension of credit from the Appellant, is supported by a clear reading of §523(a)(2)(A). The applicable provision of §523(a)(2)(A) appears below:

> (a) A discharge under section 727 of this title does not discharge an individual debtor from any debt -
>
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by -
>
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

The Bankruptcy Court's holding that the Appellant was required to prove that the Debtor obtained money, property, services or credit from the Appellant, is a direct, clear and concise

---

[4] This testimony is supported by the testimony of Rodney L. Crawford, the damage expert for the Appellant. (*See*, Transcript of Rodney L. Crawford, p. 89-91).

4

reading of the statute and must be upheld by this Court.

The Bankruptcy Court's direct and clear reading of §523(a)(2)(A) is not surprisingly supported by the case law. Of the cases cited by the Appellant with respect to this issue, many involve tangible property, (*See, US v. Craft,* 535 U.S. 274; 122 S. Ct. 1414 (2002), involving real-estate); *Brady v. McAllister (In re Brady)*, 101 F.3d 1165, 1172-3 (6th Cir. 1996), involving $40,000.00 in cash); *McClellan v. Cantrell,* 217 F.3d 890 (7th Cir. 2000), involving equipment worth at least $160,000.00)). The case most analogous to the present one can be found within the District, *In re Sullivan*, 305 B.R. 809 (Bankr. W.D. Mich. 2004). In *Sullivan*, Judge Gregg limited the damage to what the plaintiff could prove was a "concrete corporate opportunity". *Id. at 826.*

As such, the *Sullivan* court found that specific concrete opportunity represented a loss of profit of $15,930.00. Judge Gregg, in *Sullivan*, was cautious in his approach, noting that:

> the undersigned judge believes that any expansion of the meaning of "property" to include intangibles in the embezzlement context may be subject to some criticism, the facts in this case warrant a conclusion that the Debtor appropriated to his own use property (a concrete corporate opportunity) that was entrusted to him (in his capacity as President) in a fraudulent (secretive and unwarranted) manner. *Id.*

The portion of damages discharged in *Sulliv*an - future revenue of $400,000.00 - are similar to the debts discharged in the present matter. The Bankruptcy Court's decision with respect to 11 U.S.C. §523(a)(2)(A) should be upheld by this Court.

5

3.  **Did the trial court err in finding that the Appellant failed to prove the elements of 11 U.S.C. §523(a)(4) by the preponderance of the evidence, while construing that exception to discharge in favor of the Debtor?**

With respect to the 11 U.S.C. §523(a)(4), there are essentially two theories of recovery: "fraud or defalcation while acting in a fiduciary capacity" ("Fiduciary Theory") and embezzlement or larceny ("Embezzlement Theory"). The Bankruptcy Court properly read the statute and disposed of theories on a legal and evidentiary basis. The Bankruptcy Court dismissed the Fiduciary Theory in footnote 8 citing the controlling law in the matter. (Opinion p. 6, citing *Commonwealth Land Title Co. v. Blaszak (In re Blaszak)*, 397 F.3d 386, 391 (6th Cir. 2005); see also, *R.E. America, Inc. v. Garver (In re Garver)*, 116 F.3d 176, 178-79 (6th Cir. 1997). The fiduciary duty owed by Mr. Livingston, fails to meet the requirements to except a debt from discharge, pursuant to 11 U.S.C. §523(a)(4). (*See also, In re Sullivan*, at 825).

The Embezzlement Theory was disposed of in much the same way as the Appellant's §523(a)(2)(A) count. The factual finding that there was no property embezzled is supported by the State Court Complaint, Verdict, Judgment and testimony in the same way as discussed above, in reference to §523(a)(2)(A). The Bankruptcy Court's direct and clear reading of §523(a)(4) should not be overturned by this Court.

4.  **Did the trial court err in finding that the Appellant failed to prove the elements of 11 U.S.C. §523(a)(6) by the preponderance of the evidence, while construing that exception to discharge in favor of the Debtor?**

11 U.S.C. §523(a)(6) reads in pertinent part: "for willful and malicious injury by the debtor to another entity or to the property of another entity". As such, it provides for two separate theories: injury to property of an entity ("Property Theory") or injury to the entity ("Entity Theory"). The Bankruptcy Court properly read the statute and disposed of theories on a

legal and evidentiary basis.

The Property Theory was disposed of in much the same way as the Appellant's §523(a)(2)(A) count. The factual finding that there was no property harmed is supported by the State Court Complaint, Verdict, Judgment and testimony in the same way as discussed above, in reference to §523(a)(2)(A). The Bankruptcy Court's direct and clear reading of §523(a)(6) should not be overturned by this Court.

The Bankruptcy Court disposed of the Entity Theory by carefully applying the statute as required, by narrowly construing the exception to discharge in favor of the Debtor. (Opinion p. 12, citing *Equitable Bank v. Miller (In re Miller)*, 39 F.3d 301, 304 (11th Cir. 1994)). The Bankruptcy Court properly characterizes the decision of *Spring Works, Inc. v Sarff (In re Sarff)*, 242 B.R. 620 (6th Cir. BAP, 2000) as too broad and to render a portion of the statute superfluous. (Opinion p 14). Congress certainly could have passed legislation that damages as a result of all intentional torts are non-dischargeable.

The Bankruptcy Court's opinion is entirely consistent with bankruptcy law and holds true to the Judgment. The State Court Complaint does not detail and the Judgment does not indicate that property that was maliciously injured. In fact, in the State Court Complaint, under the theories of misappropriation of trade secrets and tortious interference with business relationship of the Appellant, claimed that it would be irreparably injured if the activity was not enjoined. The State Court Complaint did not claim that there were damages as a result of the alleged conduct. Further, the Verdict indicated that no damages occurred as a result of the misappropriation of trade secrets. As such, the determination that the Appellant failed to meet the elements of 11 U.S.C. §523(a)(6) is consistent with the claims raised by Appellant in the state court.

Similarly, the third theory of recovery in the state court action, "Breach of Fiduciary Duty", is so broad and far reaching that it cannot be said that the state court necessarily found the elements of 11 U.S.C. §523(a)(6). As the Appellant pointed out on page 14 of its Summary Judgment Brief, "a fiduciary duty . . . is defined as 'A duty of utmost good faith, trust confidence and candor owed by a fiduciary to the beneficiary; a duty to act with the highest degree of honesty and loyalty toward another person and in the best interest of the other person.'" (Citations omitted). There is without doubt a multitude of breaches of duty which would not result in the requirements of 11 U.S.C. §523(a)(6) having been meet. The Appellant was not entitled to relief upon this theory of recovery.

5.  **Is the Bankruptcy Court for the Western District of Michigan and the District Court for the Western District of Michigan precedentially bound by the decision rendered by the Bankruptcy Appellant Panel of the Sixth Circuit in *Spring Works, Inc. v Sarff (In re Sarff)*, 242 B.R. 620 (CA 6 BAP, 2000)?**

There is no binding precedent within the Sixth Circuit, that holds that a decision of the Bankruptcy Appellant Panel of the Sixth Circuit is binding upon the Bankruptcy Courts or District Courts, within the Circuit. However, a member of the Bankruptcy Appellant Panel for the Sixth Circuit, Honorable James D. Gregg, provides the following answer in his recent opinion, *In re Cormier* 382 B.R. 377, 408 (Bankr. W.D. Mich. 2008): "Bankruptcy Appellate Panel decisions are binding in the cases being decided. However, they are not generally binding within the circuit, across district lines, or even in the bankruptcy courts located in the district in which the appeal arose." Judge Gregg continues with what should be the proper approach:

> This judge agrees that BAP decisions are to be given equivalent deference to that accorded to district court appellate opinions. All opinions should be treated as extremely persuasive and generally followed. However, when a bankruptcy court has a deeply considered and well-reasoned analysis, the court is free to disagree with the BAP or the district courts. This is healthy for the system: it nurtures the growth of the law. *Id.* at 409.

8

It is apparent, that *In re Sarff* is not binding precedent upon the Bankruptcy Court.

Judge Gregg's opinion in *Cormier*, appears to be the well reasoned approach followed by a number of courts. (*See generally, In re Virden*, 279 B.R. 401 (Bankr. D. Mass. 2002); *In re Carrozzella & Richardson*, 255 B.R. 267 (Bankr. D. Conn. 2000); *In re TLI, Inc.*, 292 B.R. 589 (Bankr. W.D. Mich. 2003); *In re Williams*, 257 B.R. 297 (Bankr. W.D. Mo. 2001); *In re Millspaugh*, 302 B.R. 90 (Bankr. D. Idaho 2003)). Further, the Sixth Circuit is not silent on this matter. Judge Enslen upheld the Bankruptcy Court's refusal to follow a BAP decision, *In re Specker Motor Sales Co. v. Eisen (In re Specker)*, 300 B.R. 687 W.D. Mich. 2003. Judge Enslen, held that BAP decisions were not binding upon the District Court with the following reasoning:

> Plaintiff contends the Bankruptcy Court erred in not following the Sixth Circuit Bankruptcy Appellate Panel's decision in *United States v. Schottenstein, Zox & Dunn ( In re Unitcast, Inc.)*, 219 B.R. 741 (6th Cir. BAP 1998). Defendants argue the *Unitcast* court reached an illogical conclusion that should not be followed by this Court and that has been rejected by numerous other courts.
>
> The Court first notes, the decision in *Unitcast* is not binding on this Court as review by a Bankruptcy Appellate Panel is equivalent to review by a district court. 28 U.S.C. §158(b)(1); *In re Robinson*, 326 F.3d 767, 770-71 (6th Cir. 2003). *Id.* at 689.

Upon appeal to the Sixth Circuit, while not expressly ruling on the binding effect of BAP, describes their effect: "*Unitcast* is the opinion of a Bankruptcy Appellate Panel, which is equivalent to review by a District Court and is therefore non-precedential for this court." *In re Specker*, 393 F.3d 659, 663 fn. 3, citing 28 U.S.C. §158(b)(1); *In re Robinson*, 326 F.3d 767, 770-71 (6th Cir. 2003))[5]. As such, assuming that this Court finds that BAP decisions are binding

---

[5] Even the cases cited by the Appellant seem to concede that BAP decisions are not binding upon

upon all Bankruptcy Court decisions, they are not binding upon this District Court. *Sarff's* broad interpretation of 11 U.S.C. §523(a)(6), in contradiction of the constraints on extending the exceptions to discharge, should be as soundly rejected by this Court as it was by Bankruptcy Court.

6. **The Appellant failed to prove its damages.**

The Appellant was awarded its Judgment upon two theories of recovery - breach of fiduciary duty and intentional interference with a business relationship.[6] The Verdict is not clear as to how this amount was allocated. However, the State Court Complaint, with respect to interference with business relationship of the plaintiff, claimed that it would be irreparably injured if the activity was not enjoined. It would thus be fair to infer that the jury, since it was told there were no damages as a result of this tort, found damages as a result of the breach of duty. The Appellant failed at the trial of the adversary proceeding to distinguish the award and thus failed to prove damages as they may relate to a determination of non-dischargeability.

Further, the Appellant agreed, that damages would be limited to the damage caused to its relationships with Carrier & Gable, Traffic Products, Inc. and C.J. Hood. (*See*, Final Pre-Trial Order, p. 1-2). It is apparent that there were no damages related to C.J. Hood. Further, Appellant claimed, through its expert witness, damages of lost revenue of $4,496,672.00 unrelated to Carrier & Gable or Traffic Products, Inc. (*See*, Transcript of Rodney L. Crawford, p. 27-28). Given the facts at trial in the state court that the Carrier & Gable and Traffic Products, Inc. contracts could be terminated easily and that Carrier & Gable's contract had been

---

District Courts within the circuit. *Coyne v. Westinghouse Credit Corp (In re Globe Illumination Co.)*, 149 B.R. 614, 621 (Bankr. C.D. Cal. 1993); *In re Proudfoot*, 144 B.R. 876, 878-879 (9th Cir. BAP 1992); *Muskin, Inc. v. Industrial Steel Co. (In re Muskin)*, 151 B.R. 252, 254 (Bankr. N.D. Cal. 1993).

[6] This as the Bankruptcy court points out is quit different than intentional interference with contract. (Opinion 9).

terminated, it is more than plausible that the jury, as a reasonable finder of fact, found damages of 1.8 million dollars based upon the lost revenue of $4,496,672.00 unrelated to Carrier & Gable or Traffic Products, Inc. There was certainly no evidence introduced at the Bankruptcy Court, to prove the Judgment was related to Carrier & Gable and Traffic Products, Inc. The Appellant, even if it had proved liability failed to prove damages. This Court cannot find what the Appellant failed to prove, and the Bankruptcy Court's Judgment must be sustained.

## CONCLUSION AND REQUEST FOR RELIEF

The elements of each of the Appellant's asserted basis of non-dischargeability relief, 11 U.S.C. §§523(a)(2)(A), 523(a)(4) and 523(a)(6), were not found within the State Court Complaint, Verdict or Judgment. The Bankruptcy Court properly found, by applying applicable the proper interpretation of the law, that the Appellant failed to meet is difficult burden to establish the same at trial. Further, should this Court find fault with the Bankruptcy Court's ruling with respect to liability, the Appellant still failed to prove damages. As such, the Appellant is not entitled to the relief sought and the Bankruptcy Court's Judgment should be sustained.

Respectfully submitted,

**RAYMAN & STONE**
Attorneys for James R. Livingston

March ___, 2008          By: _____
                              Cody H. Knight (P64811)
                              Steven L. Rayman (P30882)

BUSINESS ADDRESS:
141 East Michigan Avenue, Suite 301
Kalamazoo, MI 49007
Telephone: (269) 345-5156